# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
## Civil Case No. 1:12-cv-00351-MR
## [Criminal Case No. 1:08-cr-00016-MR-1]

| MATTHEW JAMES DURY, | ) |
| --- | --- |
| Petitioner, | ) |
| vs. | ) **MEMORANDUM OF DECISION AND ORDER** |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on consideration of Petitioner's pro se Motion to Vacate, Set Aside or Correct Sentence, filed pursuant to 28 U.S.C. § 2255 [Doc. 1], and the following motions filed by Petitioner in this civil action:

1. Motion to Vacate Judgment and Commitment Order [Doc. 2];

2. Motions for Default Judgment [Docs. 3, 4 and 16];

3. Motion for the Court to Uphold the Law [Doc. 5];

4. Motion for a Court Order to Warden Paul Copenhaver to Comply with 28 C.F.R. § 540.12 [Doc. 8];[1]

---

[1] Title 28 C.F.R. § 540.12 prescribes certain duties of the warden of an institution with respect to, among other duties, control and safety of the inmates, and the handling of legal mail. Petitioner contends that Warden Copenhaver and his staff have forced him to

5. Motion to Vacate Indictment, Judgment and Commitment Order for Lack of Subject Matter Jurisdiction and for a Default Judgment [Doc. 14];

6. Motion for Entry of Default [Doc. 15]; and

7. Motion for Order to Show Cause [Doc. 18].

## I. BACKGROUND

On February 6, 2008, Petitioner was indicted by the Grand Jury for the Western District of North Carolina and charged with receiving child pornography, in violation of 18 U.S.C. §§ 2552(a)(2) and (b)(1) (Count One), and with possessing a computer hard drive which contained visual depictions of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4) and (b)(2) (Count Two). [Criminal Case No. 1:08-cr-00016-MR-1, Doc. 2: Indictment].

On April 24, 2008, Petitioner entered into a written plea agreement with the Government wherein the parties agreed Petitioner would plead guilty to Count One in exchange for the Government's agreement to dismiss Count Two at the appropriate time. [Id., Doc. 11: Plea Agreement]. On April 28, 2008, Petitioner appeared with counsel for his Plea and Rule

---

recant Islam, have interfered with his access to the courts, and have refused to provide him with sufficient postage. Petitioner states that he has filed a Bivens action in a federal district court in California, but he is dissatisfied with the progress of that civil action.

11 hearing before U.S. Magistrate Dennis L. Howell and he was placed under oath. Judge Howell carefully explained the elements of Count One; the possible penalties; and the valuable constitutional rights that Petitioner was waiving by electing to plead guilty, including his right to a jury trial, to confront witnesses, and the right to put the Government to its burden of proving his guilt beyond a reasonable doubt. Petitioner averred that he understood all that the Court had just explained to him and that he was pleading guilty to Count One because he was in fact guilty of the conduct charged therein. Petitioner further acknowledged that he had reviewed any possible defenses to the charges with his attorney and that he was satisfied with the services of his attorney and that no one had threatened or coerced him into pleading guilty. In addition, the Government summarized the terms of the written plea agreement and Petitioner averred that he understood and agreed with those terms. After determining that the plea was knowingly, voluntarily and intelligently entered, the Court accepted Petitioner's plea of guilty to Count One. [Id., Doc. 12: Acceptance and Entry of Guilty Plea].

On September 4, 2008, Petitioner appeared for his sentencing hearing and the Court sentenced Petitioner to a term of 204 months'

imprisonment and a fifteen-year term of supervised release. [Id., Doc. 18: Judgment in a Criminal Case].

Petitioner noted a timely appeal to the United States Court of Appeals for the Fourth Circuit. On appeal, Petitioner's counsel filed an Anders[2] brief concluding there were no meritorious issues for appeal, but suggesting that the trial court may have erred in its application of an enhancement under § 2G2.2(b)(5) of the U.S. Sentencing Guidelines Manual (USSG).[3] The Court rejected this argument but did find that Petitioner's sentence should be vacated after concluding the District Court's pronouncement of sentence was not accompanied by an expressed understanding of its discretion in fashioning a sentence. United States v. Dury, 336 F. App'x 371, 372 (4th Cir. 2009) (per curiam) (citing United States v. Carter, 564 F.3d 325 (4th Cir. 2009)). On remand, the District Court followed the mandate of the Fourth Circuit and again imposed a sentence of 204 months' imprisonment and a fifteen-year term of supervised release. [Criminal Case No. 1:08-cr-00016, Doc. 30: Amended Judgment]. Petitioner did not file an appeal from this amended judgment.

---

[2] Anders v. California, 386 U.S. 738 (1967).

[3] USSG § 2G2.2(b)(5) provides for a five-level enhancement if the court finds that the defendant engaged in a pattern of activity which involved the sexual abuse or exploitation of a minor.

Petitioner filed the present § 2255 motion by placing it in the prison mailing system on October 11, 2012. [Doc. 1]. Thereafter, Petitioner filed a multitude of other motions, asking the Court to vacate his criminal judgment, to enter default judgment against the Government, and for other miscellaneous relief. [See Docs. 2, 3, 4, 5, 8, 14, 15, 16, 18].

## II.  STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), provides in relevant part, that a one-year period of limitation shall apply to a motion under Section 2255. The limitation period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The District Court entered Petitioner's amended Judgment on August 26, 2009, and Petitioner did not appeal. Petitioner's judgment therefore became final ten days later on September 10, 2009. See Fed. R. App. P. 4(b) (giving ten days to file a notice of appeal, which was amended to fourteen days effective December 1, 2009); Clay v. United States, 537 U.S. 522, 527 (2003).

Petitioner's § 2255 motion was filed at the earliest on October 11, 2012, which is the date he avers that he placed the motion in the prison mailing system. [Doc. 1 at 13]. See Houston v. Lack, 487 U.S. 266 (1988). As such, Petitioner has filed more than two years past his apparent

deadline.  Petitioner argues that his motion should be considered timely, however, because he has been repeatedly moved throughout the Federal Bureau of Prisons and that this has severely limited his ability to access the courts.  [Id. at 12].  Petitioner also asserts that his right to access the courts was restricted because of Warden Copenhaver's refusal to provide him with stamps even though he is indigent.  Finally, Petitioner maintains that his access to the courts was limited in his direct appeal because he could not properly instruct his appellate counsel on what issues he wished to pursue on appeal.

Based on the foregoing, it is apparent that Petitioner concedes that his § 2255 motion is untimely, but it would appear that he seeks the application of an equitable tolling of the statute of limitations.  In order to receive the benefit of this extraordinary remedy, a petitioner must demonstrate that he has been diligently pursuing his claim for collateral relief, and that an extraordinary circumstance prevented him from timely filing a § 2255 motion. See Holland v. Florida, 560 U.S. 631, 649 (2010) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

Petitioner avers that from September 2008, until sometime in October 2012 before he mailed his § 2255 motion, he had no access to the courts and therefore he could not submit his present claims for consideration.

7

Petitioner contends that he participated in the prison's administrative remedy procedure to address this issue but that he was still denied access to the courts. Even if the Court were to credit Petitioner's sworn statements that he had a total lack of access to the courts – based on being constantly moved and based on the allegedly obstructive conduct of Warden Copenhaver and other prison staff – and found that the statute of limitations should be tolled in this matter, Petitioner would still not be entitled to any relief.

Petitioner raises three patently frivolous challenges to this Court's jurisdiction over him during his criminal proceeding. In his first claim for relief, Petitioner claims that the United States Congress "has not exercised jurisdiction" over the property where his criminal conduct occurred. [Doc. 1 at 4]. Specifically, Petitioner contends that the subject property is exclusively within the jurisdiction of the State of North Carolina and therefore, the Federal Government had no jurisdiction to indict him and this Court had no jurisdiction to convict and sentence him.

This claim is clearly frivolous. As the Indictment makes clear, the criminal conduct charged in Count One was alleged to have occurred within Henderson County, North Carolina, which is within the Western District. The Court therefore rejects Petitioner's argument that the Federal

8

Government had no jurisdiction to prosecute him for violation of Federal law or that this Court had no jurisdiction sentence and convict him. This argument is wholly without merit and will be denied.

In his second ground for relief, Petitioner's contends that "Title 18 of 1948, June 25th is null and void, it came from public law 80-772, which started as HR 3190" because there was never a quorum present in the House of Representatives when the law came up for a vote. [Id. at 5]. The crux of this argument, such as it is, relies on a finding that Congress never properly passed the law which was enacted to confer jurisdiction on the federal district courts over offenses allegedly committed against the United States. Consequently, Petitioner argues that this Court lacked jurisdiction to enter Judgment on the Indictment.

This argument has repeatedly been rejected by the federal courts. Jurisdiction over criminal offenses against the United States is vested in the federal district courts pursuant to 18 U.S.C. § 3231. See, e.g., Mack v. United States, No. 2:07-cv-800-FTM, 2008 WL 5427804, at *2 (M.D. Fla. Dec. 30, 2008) (citing United States v. Abdullah, 289 F. App'x 541, 543 n.1 (3d Cir. 2008) (finding that "[t]he 1948 amendment to [Section 3231], Public Law 80-772, passed both houses of Congress and was signed into law by President Truman on June 25, 1948.") (citing United States v. Risquet, 426

9

F. Supp. 2d 310, 311 (E.D. Pa. 2006)). This argument is also denied as meritless.

In his third ground for relief, Petitioner argues that Detective Briggs violated his Miranda rights by interrogating him after he was in custody. This argument is foreclosed by Petitioner's knowing and voluntary guilty plea. As noted above, during his Rule 11 hearing Petitioner averred that he had discussed with his attorney all possible defenses to the charges he was facing and stated that he had solemnly decided not to contest the evidence which demonstrated his guilt. A knowing and voluntary guilty plea constitutes a waiver of all non-jurisdictional defects. See United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993). In other words, "a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offenses with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973). Based on the knowing and voluntary nature of Petitioner's guilty plea, and the fact that he did not raise this claim on direct review, this claim for relief is without merit and it will be

denied.[4] See Bousley v. United States, 523 U.S. 614, 621 (1998) ("Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal.") (internal quotation and citations omitted).

In his final ground for relief, Petitioner renews his baseless attack on his criminal judgment, this time contending that "[a]ll crime(s) are in fact strictly a commercial matter." [Id. at 8 (citing 27 C.F.R. § 72.11)]. Many petitioners have advanced this argument and it has been uniformly rejected. See, e.g., United States v. Peterson, No. 09-87, 2009 WL 3062013, at *3 n.5 (D. Minn. Sept. 18, 2009) (noting that the regulations in 27 C.F.R. § 72.1 apply to property "'seized by alcohol, tobacco and firearms as subject to forfeiture as being' involved in any violation of federal law") (quoting 27 C.F.R. § 72.1); Jones v. United States, No. 2:07-cv-448-FTM, 2008 WL 2901050, at *2 (M.D. Fla. July 23, 2008) (noting that 27 C.F.R. § 72.11 merely provides definitions for terms which are used in connection with the personal property and carriers that have been seized by the officers of the Bureau of Alcohol, Tobacco and Firearms).

In the present case, Petitioner pled guilty to the receipt of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1); thus his

---

[4] To the extent that Petitioner attempts to couch this argument as a claim for ineffective assistance of counsel, it also must fail. [See id. at 10: "Public Defender Fredilyn Sison lied to me 'Rule 60(b)'."]. This hardly alerts the Court to what counsel allegedly lied about and this conclusory allegation presents the Court with no legal claim on which to rule.

argument that all crimes are "commercial" in nature and that he is somehow entitled to have his judgment vacated is simply meritless and it will be denied.

The Court has concluded that Petitioner's contentions in this § 2255 proceeding are wholly lacking in merit. Accordingly, the Court will deny Petitioner's motions to vacate judgment and commitment order [Doc. 2]; his motions for default judgment or entry of default [Docs. 3, 4, 15 and 16]; the motion for the Court to uphold the law [Doc. 5]; his motion to vacate indictment, judgment and commitment order [Doc. 14], and his motion for order to show cause [Doc. 18]. Finally, Petitioner's motion for an order which would require Warden Paul Copenhaver to comply with 28 C.F.R. § 540.12 is dismissed without prejudice to Petitioner's ability to seek relief in his district of confinement or where the alleged actions or omissions that he complains of occurred.

## IV. CONCLUSION

Based on the foregoing, the Court concludes that Petitioner's § 2255 is without merit and it will be denied and dismissed.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28

U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Section 2255 Motion [Doc. 1] is **DENIED** and **DISMISSED**;

2. Petitioner's Motion to Vacate Judgment and Commitment Order [Doc. 2] is **DENIED**;

3. Petitioner's Motions for Default Judgment and Motion for Entry of Default [Docs. 3, 4, 15, and 16] are **DENIED**;

4. Petitioner's Motion for the Court to Uphold the Law [Doc. 5] is **DENIED**;

5. Petitioner's Motion for a Court Order to Warden Paul Copenhaver to Comply with 28 C.F.R. § 540.12 [Doc. 8] is

**DENIED WITHOUT PREJUDICE**;

6. Petitioner's Motion to Vacate Indictment, Judgment and Commitment Order for Lack of Subject Matter Jurisdiction and for a Default Judgment [Doc. 14] is **DENIED**; and

7. Petitioner's Motion for Order to Show Cause [Doc. 18] is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: May 23, 2014

Martin Reidinger
United States District Judge